W. A. Johnson, Paintsville, for appellant.

Paul E. Hayes, Prestonsburg, G. C. Perry, III, Paintsville, for Curtis Hickman.

B. E. Mullins, Paintsville, for Lemmie Jones.

### PER CURIAM.

This is a motion for an appeal from a judgment which awarded recoveries to Curtis Hickman of $1130 and to Lemmie Jones of $562 against Frank Peck. This litigation grew out of the collision of the Hickman and Jones trucks which they alleged was caused by the parking of the Peck truck on the highway they were traveling upon at the time.

Two contentions are urged for reversal: (a) The collision was brought about by the negligence of either one, or both, of the drivers of the colliding vehicles; or (b) the collision was unavoidable, due to snow and ice on the highway at the time.

The fact that Frank Peck parked his vehicle upon the main traveled portion of the highway in violation of KRS 189.450(1), on a curve and in ice and snow, is admitted in his brief. The questions of negligence, contributory negligence and unavoidable accident, under the circumstances of the parking, the curve and the presence of ice and snow on the highway, were submitted to the jury under instructions not complained of by Frank Peck.

Issues of fact on each of these questions were developed by the evidence, and the jury, in passing on these issues, found Curtis Hickman and Lemmie Jones blameless for the accident and awarded them the above damages. We conclude the proof supports the jury's finding and award.

Wherefore, the motion for an appeal is overruled and the judgment is affirmed.

Robert J. Watson, Middlesboro, for appellant.

Tribell, Tribell & Ball, John J. Tribell, William S. Tribell, Middlesboro, for appellee

PER CURIAM.

This is a motion for an appeal from a judgment based upon a verdict cancelling a deed and awarding the one to whom the property was conveyed restitution of $300. The property's value is fixed from $1,500 to $1,800 for the purpose of this appeal.

The contention of appellant, Willie Burton, that he was entitled to a directed verdict is untenable. An issue of fact was made out on the question of whether the deed was procured by fraud practiced upon appellee by appellant, and it was proper to permit a jury to resolve this issue. See Kaze v. Compton, Ky., 283 S.W.2d 204.

It is next insisted the lower court erroneously permitted a trial of the case by a jury when none was demanded. No objection was voiced to a trial in this manner until after the verdict was rendered. It follows the objection came too late to be available.

It is finally asserted the verdict rendered was not authorized by the instructions, because appellant was awarded $300 when no instruction empowered the jury to give him a money award. The jury here undertook gratuitously to place the parties in status quo, which is a service the trial judge is called upon to perform when a deed is adjudged cancelled by a court proceeding. Appellant received a benefit and cannot be heard to complain he was rendered an injury under the circumstances.

Wherefore, the motion for an appeal is overruled and the judgment is affirmed.

**Ben REDMON, Jr., Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 27, 1959.

